IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EVA MARIE FISHER, | ) | 8:18CV538 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JODY RUPTON, | ) | |
| TIMOTHY BOLLINGER, | ) | |
| MR. COTTRELL, | ) | |
| I. FRANKLIN, and | ) | |
| F.M.C. CARSWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Eva Marie Fisher, a prisoner being held at the Douglas County Department of Corrections in Omaha, Nebraska, filed her Complaint (Filing 1) on November 15, 2018. Plaintiff was granted leave to proceed in forma pauperis on November 27, 2018, without payment of an initial partial filing fee (Filing 8). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff alleges she "was mistreated the whole time [she] was at F.M.C. Carswell" and claims she "is entitled to $1,000,000.00 due to mistreatment, rape, and physical [assault] suffered while [she] was at F.M.C. Carswell in Fort Worth, Texas" (Filing 1, pp. 5-6). Named as Defendants are the Federal Medical Center, Carswell, and four individuals: Jody Rupton, warden; Timothy Bollinger, doctor; Mr. Cottrell, unit manager; and I. Franklin, correctional officer (Filing 1, pp. 1-2). Plaintiff alleges she is a Nebraska citizen and claims Defendant violated her rights under the First and Eighth Amendments to the United States Constitution (Filing 1, p. 3).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* (citing *United States*

*v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). No such waiver of sovereign immunity applies in this case.

Defendant FMC, Carswell is not a suable entity, but is merely a facility operated by the Federal Bureau of Prisons (BOP). As a federal agency, BOP has sovereign immunity and cannot be made a party to this action.

The court construes Plaintiff's Complaint as being brought against Defendants Rupton, Bollinger, Cottrell, and Franklin, only in their official capacities, as federal employees.[1] *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). As such, these Defendants also have immunity because the action is considered a suit against the United States. *See Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000).

The court therefore determines that Plaintiff's Complaint should be dismissed without prejudice for lack of jurisdiction. On its own motion, however, the court will give Plaintiff 30 days to file an Amended Complaint in order to assert claims against Defendants Rupton, Bollinger, Cottrell, and Franklin in their individual capacities.

In the Amended Complaint, in order to state a plausible Eighth Amendment claim, Plaintiff will need to provide details about the mistreatment, rape, and physical

---

[1] If any of these individuals are not federal employees, then the Complaint fails to state a claim upon which relief can be granted against them. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61 (2001) (holding there is no implied private right of action for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law).

assault she allegedly suffered while at FMC, Carswell, and will also need to describe how each individual Defendant caused her injury. For example, if Plaintiff is claiming she did not receive adequate medical care, she will need to include facts showing that she suffered from some objectively serious medical need that Defendants knew of, but deliberately disregarded. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Or, as another example, if Plaintiff is claiming Defendants failed to protect her from being raped or physically assaulted, she will need to include facts showing that they were deliberately indifferent to a substantial risk of serious harm. *See Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007).

At this point, the court is unable to determine the nature of or the grounds for Plaintiff's Eighth Amendment claims, and there are no facts alleged in the Complaint which indicate that Plaintiff's First Amendment rights were violated. If the Amended Complaint does not contain sufficient facts to state a claim upon which relief may be granted against one or more of the individual Defendants, this action will be subject to dismissal.

## IV. CONCLUSION

The court lacks jurisdiction over the claims alleged Plaintiff's Complaint, but on its own motion will give Plaintiff 30 days in which to file an Amended Complaint against Rupton, Bollinger, Cottrell, and Franklin in their individual capacities only. Plaintiff must allege sufficient facts in the Amended Complaint to avoid summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Accordingly,

IT IS ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against

Defendants Rupton, Bollinger, Cottrell, and Franklin in their individual capacities only. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

    2. The clerk of the court is directed to set the following pro se case management deadline: January 9, 2019: check for amended complaint.

    DATED this 10th day of December, 2018.

                             BY THE COURT:

                             s/ *Richard G. Kopf*
                             Senior United States District Judge