# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EVA MARIE FISHER, | ) | 8:18CV538 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JODY RUPTON, | ) | |
| TIMOTHY BOLLINGER, | ) | |
| MR. COTTRELL, | ) | |
| I. FRANKLIN, and | ) | |
| F.M.C. CARSWELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Eva Marie Fisher, a prisoner being held at the Douglas County Department of Corrections in Omaha, Nebraska, filed her Complaint on November 15, 2018, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint and, in a Memorandum and Order entered on December 10, 2018 (Filing 9), determined that summary dismissal was appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A because the court lacked jurisdiction over the claims alleged. On its own motion, however, the court gave Plaintiff 30 days to file an Amended Complaint in order to assert claims against Defendants Rupton, Bollinger, Cottrell, and Franklin in their individual capacities.

Plaintiff responded with correspondence that was received on December 10, 2018, in which Plaintiff stated: "You can just go ahead [and] dismiss case #8:18c00538, ... I should never have filed this civil action ... in the first place." (Filing 11) The court treated this letter as a motion to dismiss, filed pursuant to Fed. R. Civ. P. 41(a), and on December 20, 2018, entered judgment dismissing the action without prejudice. (Filings 12, 13)

This matter is now before the court on a letter from Plaintiff dated December 27, 2018, and received on January 2, 2019, in which Plaintiff states:

> I need you to reinstate the charges against Jody R. Upton,[1] Timothy Bolinger, Mr. Cottrell, and I. Franklin. When I asked you to dismiss the charges I was just scared. Please give me a little more time as it is difficult for me to think about those horrible times @ F.M.C. Carswell.

(Filing 14)

Plaintiff's request to reopen this case will be denied. Even liberally construing her correspondence as a motion for relief from judgment, filed pursuant to Fed. R. Civ. P. 60(b), the court finds Plaintiff has not made a sufficient showing for setting aside her voluntary dismissal.

> Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). It is well-established that Rule 60(b)(6) authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an " 'intrusion into the sanctity of a final judgment.' " *Id.* at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) ).

*Clayborne v. Frakes*, No. 8:15CV198, 2018 WL 6529489, at *2 (D. Neb. Dec. 12, 2018).

Plaintiff's apparent change of heart regarding her desire to prosecute this action does not constitute an "exceptional circumstance." Also, Plaintiff has not provided the court with a proposed Amended Complaint or otherwise demonstrated that she is able to state a claim upon which relief may be granted. In any event, the court's judgment dismissing this action without prejudice does not preclude Plaintiff from filing a new action against the individual Defendants. As a prisoner, however, Plaintiff will be obligated to pay a separate filing fee for a new action even if she is again granted leave to proceed in forma pauperis.

---

[1] Plaintiff notified the court in a letter received on December 10, 2018, that the true name of the Defendant identified as "Jody Rupton" is "Jody R. Upton." (Filing 10)

Accordingly,

IT IS ORDERED that Plaintiff's motion for relief from judgment (Filing 14) is denied.[2]

DATED this 14th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2] **Plaintiff is hereby notified that the filing of a notice of appeal will make her liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal.** This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from her prison account by prison officials.